**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

ERIC S. ZEITLIN,

     Plaintiff,

v.

LIFETIME BRANDS, INC.,
AMAZON.COM, INC.,
EBAY, INC.,
SHOPPING.COM, INC.,
SHOPZILLA, INC.,
PRICEGRABBER.COM, INC.,
PRONTO, LLC.,
ROSS STORES, INC.

     Defendants.

_____

**COMPLAINT AND JURY DEMAND**
_____

Plaintiff Eric S. Zeitlin, by and through counsel, the Fischer Law Firm, P.C. and the Patent Law Offices of Rick Martin, P.C., hereby asserts the following patent infringement complaint against the Defendants Lifetime Brands, Inc., Amazon.com, Inc., eBay, Inc., Shopping.com, Inc., Shopzilla, Inc., PriceGrabber.com, Inc., Pronto, LLC, and Ross Stores, Inc. (hereinafter collectively "Defendants"), and states and avers as follows:

## I. THE PARTIES

1. Plaintiff Eric S. Zeitlin, (hereinafter "Plaintiff Zeitlin") is a resident of the State of Colorado, residing at 4236 Evans Drive, Boulder, Colorado 80303.

2. Defendant Lifetime Brands, Inc. (hereinafter "Defendant Lifetime Brands") is a Corporation organized and existing under the laws of the State of Delaware. Defendant Lifetime

Brands's corporate headquarters and principal place of business is located at 1000 Stewart Avenue, Garden City, New York 11530. Defendant Lifetime Brands' registered agent is The Prentice-Hall Corporation System, Inc., 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. Defendant Amazon.com, Inc. (hereinafter "Defendant Amazon") is a Corporation organized and existing under the laws of the State of Delaware. Defendant Amazon's corporate headquarters and principal place of business is located at 410 Terry Avenue North, Seattle, Washington 98109. Defendant Amazon's registered agent is Corporation Service, Co., 2711 Centerville Road, Wilmington, Delaware 19808.

4. Defendant eBay, Inc. (hereinafter "Defendant eBay") is a Corporation organized and existing under the laws of the State of Delaware. Defendant eBay's corporate headquarters and principal place of business is located at 2065 Hamilton Avenue, San Jose, California 95125. Defendant eBay's registered agent is National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

5. Defendant Shopping.com, Inc. (hereinafter "Defendant Shopping") is a Corporation organized and existing under the laws of the State of Delaware. Defendant Shopping's corporate headquarters and principal place of business is located at 8000 Marina Boulevard, Fifth Floor, Brisbane, California 94005. Defendant Shopping's registered agent is National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

6. Defendant Shopzilla, Inc. (hereinafter "Defendant Shopzilla") is a Corporation organized and existing under the laws of the State of California. Defendant Shopzilla's corporate headquarters and principal place of business is located at 12200 West Olympic Boulevard, Suite 300, Los Angeles, California 90064. Defendant Shopzilla's registered agent is National

Registered Agents, Inc., 818 West Seventh Street, Los Angeles, California 90017.

7. Defendant PriceGrabber.com, Inc. (hereinafter "Defendant PriceGrabber") is a Corporation organized and existing under the laws of the State of Delaware. Defendant PriceGrabber's corporate headquarters and principal place of business is located at 4859 West Slauson Avenue, Suite 259, Los Angeles, California 90056. Defendant PriceGrabber's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8. Defendant Pronto, LLC (hereinafter "Defendant Pronto") is a Limited Liability Company organized and existing under the laws of the State of Delaware. Defendant Pronto's corporate headquarters and principal place of business is located at 555 West 18th Street, 4th Floor, New York, New York 10011. Defendant Pronto's registered agent is National Registered Agents, Inc., 160 Greentree Drive, Suite 101, Dover, Delaware 19904.

9. Defendant Ross Stores, Inc. (hereinafter "Defendant Ross Stores") is a Corporation organized and existing under the laws of the State of Delaware. Defendant Ross Stores's headquarters and principal place of business is located at 4440 Rosewood Drive, Pleasanton, California 94588. Defendant Ross Stores's registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

## II. JURISDICTION AND VENUE

10. This is an action against all Defendants for infringement of a United States patent arising under 35 U.S.C. §§271, 281, and 284-285, among others. This Court has subject matter jurisdiction of the action under Title 28 U.S.C. §1331 and §1338(a). In addition, this is an action against only Defendant Lifetime Brands for breach of contract and misappropriation of trade secrets.

11.     The Court has personal jurisdiction over Defendants, and venue is proper pursuant to 28 U.S.C. §§1391 and 1400(b).  Defendants have substantial contacts with the forum as a result of pervasive business activities conducted within the State of Colorado and within this District, including but not limited to: (i) the marketing, sale and distribution of consumer products; and (ii) the marketing and sale of products for infringing corralling utensil with associated cutting board.

12.     Defendants have committed and continue to commit acts of patent infringement, directly and/or through agents and intermediaries, by making, using, selling, offering for sale and/or leasing certain infringing products, services, and systems in Colorado. Specifically, Defendants sell (directly and/or through intermediaries) infringing corralling utensil with associated cutting board in this District.

### III.  GENERAL ALLEGATIONS

13.     Plaintiff Zeitlin is a kitchenware inventor.

14.     Defendant Lifetime Brands has a policy of openly welcoming and embracing products ideas and inventions from external sources, like Plaintiff Zeitlin. *See*, **Exhibit 1**, Screenshots from Defendant Lifetime Brands' website.

15.     In March of 2004, Plaintiff Zeitlin went to the International Home & Housewares Show in Chicago, Illinois to find a buyer/licensor for his kitchenware inventions.

16.     During the 2004 International Home & Housewares Show Plaintiff Zeitlin approached Defendant Lifetime Brands with a kitchenware invention.

17.     Over the next few months, Plaintiff Zeitlin and Defendant Lifetime Brands entered into negotiations to license one of Plaintiff Zeitlin's kitchenware inventions, namely the paper towel holder.

18. On or about July 13, 2004, Plaintiff Zeitlin and Defendant Lifetime Brands entered into a license agreement for the paper towel holder invention.

19. In 2005, Plaintiff Zeitlin invented a spice jar cap design.

20. Defendant Lifetime Brands displayed an interest in Plaintiff Zeitlin's latest kitchenware invention.

21. On or about December 19, 2005, Plaintiff Zeitlin and Defendant Lifetime Brands entered into a license agreement for the spice jar cap design invention.

22. In 2006, Plaintiff Zeitlin began work on a corralling utensil with associated cutting board.

23. Prior to disclosing this invention to Defendant Lifetime Brands, Plaintiff Zeitlin required Defendant Lifetime Brands to execute a Non-Disclosure/Non-Compete Agreement. *See*, **Exhibit 2**, Non-Disclosure/Non-Compete Agreement, dated November 9, 2006.

24. In addition to signing the Non-Disclosure/Non-Compete Agreement, Defendant Lifetime Brands executed a Proprietary Materials Agreement depicting the specific products that were borrowed by Defendant Lifetime Brands. *See*, **Exhibit 3**, Proprietary Materials Agreement.

25. One of the specific products depicted in the Proprietary Materials Agreement is a corralling utensil with associated cutting board.

26. Over the next year, Plaintiff Zeitlin made additional prototypes of the corralling utensil with associated cutting board.

27. On November 20, 2007, Defendant Lifetime Brands executed another Proprietary Materials Agreement depicting the additional products that were borrowed by Defendant Lifetime Brands. *See*, **Exhibit 4**, Proprietary Materials Agreement, dated November 20, 2007.

28. Under the terms of the Non-Disclosure/Non-Compete Agreement and the two (2)

Proprietary Materials Agreements (hereinafter "Contracts") Defendant Lifetime Brands was required to not directly or indirectly design, create, manufacture, sell or otherwise deal with any item or product, containing, based upon or derived from the information disclosed and/or loaned.

29. In 2009, Defendant Lifetime Brands launched a Chop & Slide Cutting Board with Removable Scraper which is similar to Plaintiff Zeitlin's corralling utensil with associated cutting board that was disclosed under the Contracts. *See*, **Exhibit 5**, 2009 Annual Report of Defendant Lifetime Brands.

30. With the launch of Defendant Lifetime Brands Chop & Slide Cutting Board with Removable Scraper, Defendant Lifetime Brands breached the Contracts.

31. On October 22, 2009, United States Patent & Trademark Office published the Corralling Utensil with Associated Cutting Board under United States Patent Application Publication No. 2009/0260168. *See*, **Exhibit 6**, United States Patent Application Publication No. 2009/0260168.

32. On December 22, 2010, Plaintiff Zeitlin emailed Defendant Lifetime Brands a hyperlink to United States Patent Application Publication No. 2009/0260168. Also, in this email Plaintiff Zeitlin informed Defendant Lifetime Brands that the Chop & Slide Cutting Board with Removable Scraper would infringe on Plaintiff Zeitlin's patent when it issued. *See*, **Exhibit 7**, Email dated December 22, 2010.

33. On November 26, 2013, United States Patent No. 8,590,877 (hereinafter '877 Patent[1]) was duly and legally issued for a "Corralling Utensil with Associated Cutting Board." A true and correct copy of the '877 Patent is attached hereto. *See*, **Exhibit 8**, United States Patent

---

[1] Patent Abstract: "A corralling utensil with associated cutting board. The corralling utensil quickly, easily and accurately gathers and moves food or other items around and off the cutting board to another location, and may be used separately from the cutting board on other surfaces such as tables, counters, butcher blocks and chopping mats. The corralling utensil may be removably stored in, on, or to a designated area of the associated cutting board for convenient storage and use."

No. 8,590,877.

34.     Plaintiff Zeitlin owns all rights, title, and interest in and to the '877 Patent and possesses all rights of recovery under said patent, including the right to prosecute this action and to collect damages for all relevant times.

35.     As it pertains to this lawsuit, the '877 Patent is infringed by Defendants' use, sale, offering for sale and/or manufacturing of Corralling Utensil with Associated Cutting Board as detailed herein.

## COUNT I – BREACH OF CONTRACT
## DEFENDANT LIFETIME BRANDS

1.     Plaintiff Zeitlin incorporates each of the allegations of this Complaint as if fully set forth herein.

2.     As set forth above, the Parties entered into the Contracts whereby Plaintiff Zeitlin would disclose certain confidential information and make available to borrow certain physical proprietary material.

3.     Plaintiff Zeitlin has performed his obligations under the Contracts.

4.     Defendant Lifetime Brands has otherwise breached the Contract by failing to fulfill Defendant Lifetime Brands' end of the bargain.

5.     Plaintiff Zeitlin has been damaged by Defendant Lifetime Brands' breach and is owed damages therefor.

6.     Plaintiff Zeitlin is entitled to compensation for all damages caused by Defendant Lifetime Brands, which may include attorney's fees, costs, pre-judgment interest, and post-judgment interest.

## COUNT II – MISAPPROPRIATION OF TRADE SECRETS (C.R.S. § 7-74-101)
## DEFENDANT LIFETIME BRANDS

1.     Plaintiff Zeitlin incorporates each of the allegations of this Complaint as if fully set forth herein.

2.     Pursuant to C.R.S. § 7-74-101 ("Uniform Trade Secrets Act") the confidential and other technical information of Plaintiff Zeitlin constitutes trade secrets and Plaintiff Zeitlin has taken reasonable efforts including but not limited to the Contracts referenced hereinabove to prevent his trade secrets from becoming available to persons other than those under the Contracts and then for use only for the specific purpose set forth in the Contracts.

3.     Defendant Lifetime Brands has improperly misappropriated the trade secrets of Plaintiff Zeitlin. Without limiting the generality of the foregoing, Defendant Lifetime Brands has utilized this information for the benefit of Defendant Lifetime Brands.

4.     Plaintiff Zeitlin has taken and made reasonable measures and efforts to prevent its trade secrets from becoming available to persons other than those selected by him and for the limited purpose set forth by him. Defendant Lifetime Brands had access to the trade secret information of Plaintiff Zeitlin during the course of their limited and specific dealings and clearly understood that such access was not to be utilized for their own benefit.

5.     Trade secrets available to Defendant Lifetime Brands which it did not keep confidential include the corralling utensil with associated cutting board.

6.     Upon information and belief, Defendant Lifetime Brands has and continues to benefit from the misappropriation of the trade secrets of Plaintiff Zeitlin.

7.     Plaintiff Zeitlin requests an award of damages as provided for in C.R.S. § 7-74-104 to include, but not limited to, actual damages, imposition of liability for a reasonable royalty for the use of trade secrets and, to the extent that a basis therefore exits, exemplary damages as provided for under such statute.

8.     Based upon Plaintiff Zeitlin's allegations that the misappropriations by Defendant Lifetime Brands was made willfully and maliciously, Plaintiff Zeitlin requests that he be granted

his reasonable attorneys' fees as provided for in C.R.S. § 7-74-105.

### COUNT III – INFRINGEMENT OF THE '877 PATENT
### DEFENDANT LIFETIME BRANDS

1.	Plaintiff Zeitlin incorporates each of the allegations of this Complaint as if fully set forth herein.

2.	Defendant Lifetime Brands has known of the '877 Patent since at least December 3, 2013, when the Complaint in this action, along with a copy of the '877 Patent, was filed with the Court and thereafter served on Defendant Lifetime Brands.

3.	However, Defendant Lifetime Brands has known of the Corralling Utensil with Associated Cutting Board since December 22, 2010 when Plaintiff Zeitlin emailed Defendant Lifetime Brands a hyperlink to United States Patent Application Publication No. 2009/0260168. Also, in this email Plaintiff Zeitlin informed Defendant Lifetime Brands that the Chop & Slide Cutting Board with Removable Scraper would infringe on Plaintiff Zeitlin's patent when it issued.

4.	Upon information and belief, Defendant Lifetime Brands has infringed and is continuing to directly infringe, contribute to the infringement of, and/or induce the infringement of, at least one claim of the '877 Patent without Plaintiff Zeitlin's consent or authorization. Such acts of infringement include, but are not limited to, Defendant's Lifetime Brands use, sale, provision, and/or operation of the Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board.

5.	Upon information and belief, Defendant's Lifetime Brands customers/persons using the Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board infringe at least one claim of the '877 Patent.

6.	Upon information and belief, Defendant Lifetime Brands causes, urges, aids,

9

advises, encourages, and/or otherwise induces infringement by Defendant Lifetime Brands customers/persons who use such Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board; such infringing conduct is carried out; and Defendant Lifetime Brands knows and intends that such Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board infringe at least one claim of the '877 Patent.

7. Upon information and belief, the Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board are especially made or especially adapted for use in an infringement of the '877 Patent, and are not staple articles or commodities of commerce suitable for any substantial non-infringing use.

8. Upon information and belief, Defendant Lifetime Brands aforementioned actions have been, and continue to be, committed in a knowing and willful manner and constitute willful infringement of the '877 Patent.

9. Plaintiff Zeitlin has no adequate remedy at law for Defendant's Lifetime Brands infringing acts.

10. As a direct result of Defendant's Lifetime Brands infringing acts, Plaintiff Zeitlin has suffered and continues to suffer damage and irreparable harm. Unless Defendant's Lifetime Brands infringing acts are enjoined by this Court, Plaintiff Zeitlin will continue to be damaged and irreparably harmed.

11. Defendant Lifetime Brands is liable to Plaintiff Zeitlin in an amount that adequately compensates him for Defendant's Lifetime Brands infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

12. Defendant Lifetime Brands is further responsible for the indirect infringement of

the '877 Patent by providing products to customers, (a) inducing infringement by instructing its respective customers to use the provided products in an infringing manner, and (b) contributing to the infringement of the '877 Patent by providing the infringing products – products that have no substantial non-infringing use – to its respective customers who then infringe the '877 Patent through their infringing use of the Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board.

### COUNT IV – INFRINGEMENT OF THE '877 PATENT
### DEFENDANTS AMAZON, EBAY, SHOPPING, SHOPZILLA, PRICEGRABBER, PRONTO, AND ROSS

9.  Plaintiff Zeitlin incorporates each of the allegations of this Complaint as if fully set forth herein.

10. Defendants Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross have known of the '877 Patent since at least December 3, 2013, when the Complaint in this action, along with a copy of the '877 Patent, were filed with the Court and thereafter served on each Defendant.

11. Upon information and belief, Defendants Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross have infringed and are continuing to directly infringe, contribute to the infringement of, and/or induce the infringement of, at least one claim of the '877 Patent without Plaintiff Zeitlin's consent or authorization. Such acts of infringement include, but are not limited to, Defendants' Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross use, sale, provision, and/or operation of the Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board.

12. Upon information and belief, Defendants' Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross customers/persons using the Farberware Chop & Slide Cutting

Board and/or the Cuisinart Chop & Slide Cutting Board infringe at least one claim of the '877 Patent.

13. Upon information and belief, Defendants Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross cause, urge, aid, advise, encourage, and/or otherwise induce infringement by Defendants' Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross customers/persons who use such Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board; such infringing conduct is carried out; and Defendants Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross know and intend that such Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board infringe at least one claim of the '877 Patent.

14. Upon information and belief, the Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board are especially made or especially adapted for use in an infringement of the '877 Patent, and are not staple articles or commodities of commerce suitable for any substantial non-infringing use.

15. Upon information and belief, Defendants' Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross aforementioned actions have been, and continue to be, committed in a knowing and willful manner and constitute willful infringement of the '877 Patent.

16. Plaintiff Zeitlin has no adequate remedy at law for Defendants' Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross infringing acts.

17. As a direct result of Defendants' Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross infringing acts, Plaintiff Zeitlin has suffered and continues to suffer damage and irreparable harm. Unless Defendants' Amazon, eBay, Shopping, Shopzilla,

PriceGrabber, Pronto, and Ross infringing acts are enjoined by this Court, Plaintiff Zeitlin will continue to be damaged and irreparably harmed.

18. Defendants Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross are liable to Plaintiff Zeitlin in an amount that adequately compensates him for Defendants' Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. §284.

19. Defendants Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross are further responsible for the indirect infringement of the '877 Patent by providing products to customers, (a) inducing infringement by instructing its respective customers to use the provided products in an infringing manner, and (b) contributing to the infringement of the '877 Patent by providing the infringing products – products that have no substantial non-infringing use – to its respective customers who then infringe the '877 Patent through their infringing use of the Farberware Chop & Slide Cutting Board and/or the Cuisinart Chop & Slide Cutting Board.

## IV. JURY DEMAND

Plaintiff Zeitlin hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## V. PRAYER FOR RELIEF

Plaintiff Zeitlin requests that the Court find in its favor and against Defendants Lifetime Brands, Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross, and requests the Court to grant Plaintiff Zeitlin the following relief:

a. For judgment that one or more claims of the '877 Patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants Lifetime Brands, Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross and/or by others to whose infringement Defendants Lifetime Brands, Amazon, eBay, Shopping, Shopzilla, PriceGrabber,

Pronto, and Ross have contributed and/or by others whose infringement has been induced by Defendants Lifetime Brands, Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross.

      b.      For judgment for a reasonable royalty for said infringement.

      c.      For pre-judgment and post-judgment interest on the damages caused by Defendants' Lifetime Brands, Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross infringing activities and other conduct complained of herein.

      d.      To the extent the evidence supports it, that this Court declare that Defendants Lifetime Brands, Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross have acted willfully in infringement of the '877 Patent and award Plaintiff Zeitlin damages pursuant to 35 U.S.C. §284.

      e.      To the extent the evidence supports it, that this Court declare this an exceptional case and award Plaintiff Zeitlin his reasonable attorney's fees and costs in accordance with 35 U.S.C. §285.

      f.      Preliminary and permanently enjoin Defendants Lifetime Brands, Amazon, eBay, Shopping, Shopzilla, PriceGrabber, Pronto, and Ross, their officers, agents, servants, employees, and representatives, and all others in active concert or participation with them, from further infringing, directly or indirectly, the '877 Patent.

      g.      An award of damages against Defendant Lifetime Brands for breach of the Non-Disclosure/Non-Compete Agreement and the two (2) Proprietary Materials Agreements, which may include attorney's fees, costs, pre-judgment interest, and post-judgment interest.

      h.      An award of damages against Defendant Lifetime Brands as provided for in C.R.S. § 7-74-104 to include, but not limited to, actual damages, imposition of liability for a reasonable royalty for the use of trade secrets and, to the extent that a basis therefore exits, exemplary damages as provided for under such statute.

      i.      An award of reasonable attorneys' fees against Defendant Lifetime Brands as provided for in C.R.S. § 7-74-105, for Defendant Lifetime Brands' willful and malicious misappropriation of Plaintiff Zeitlin's trade secrets.

      j.      That Plaintiff Zeitlin be granted all relief to which Plaintiff Zeitlin is otherwise entitled, and such other and further relief as the Court may deem just and appropriate under the circumstances.

Respectfully submitted, December 3, 2013, by:

FISCHER LAW FIRM, P.C.

*/s/ Ronnie Fischer*
*Original signature on file*
Ronnie Fischer, #35260
Fischer Law Firm, P.C.
1777 South Harrison Street
Penthouse – Suite 1500
Denver, Colorado 80210
Telephone: (303) 756-2500
Fax: (303) 756-2506
E-mail: Ronnie@FischerEsq.com

PATENT LAW OFFICES OF
RICK MARTIN, P.C.

/s/ *Ralph (Rick) Martin*
*Original signature on file*
Ralph (Rick) Martin, # 20688
Patent Law Offices of Rick Martin, P.C.
Post Office Box 1839
Longmont, Colorado 80502
Telephone: (303) 651-2177
E-mail: rmartin@patentcolorado.com